J-A18028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| S.L.B., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| M.J.E., | |
| Appellant | No. 202 MDA 2015 |

Appeal from the Order entered January 22, 2015,
in the Court of Common Pleas of Bradford County,
Civil Division, at No: 2008 FC 0227

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 21, 2015**

M.J.E. (Father) appeals *pro se* from the order entered January 22, 2015, in the Court of Common Pleas of Bradford County, which awarded primary physical custody of his minor daughter, S.N.E. (Child), born in July of 2003, to Father's former wife, S.L.B. (Mother).  After careful review, we vacate and remand for further proceedings consistent with this memorandum.

On April 21, 2014, Mother filed a petition to modify the parties' existing custody order, entered on May 20, 2009, pursuant to which Mother and Father exercised shared legal and physical custody of Child.  A custody trial was held on January 22, 2015, before the Honorable Jeffrey A. Smith.  Mother was represented by counsel during the trial, and Father proceeded *pro se*.  The court first heard the testimony of Mother, who was cross-

examined by Father. Mother's counsel also cross-examined Father, who then offered a brief statement to the court. Finally, Child was questioned by Mother's counsel and by Father. Following the trial, the court entered its order awarding primary physical custody of Child to Mother. The order also awarded both parties shared legal custody and awarded Father partial physical custody. Specifically, Father was awarded physical custody every other week from Thursday evening until Sunday evening during the school year. The court's order further provided that the custody schedule would be reversed during the first six weeks of summer, such that Mother would have physical custody every other week from Thursday evening until Sunday evening.[1] Father timely filed a notice of appeal on January 30, 2015, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

Father now raises the following issues for our review, which we have reordered for ease of disposition.

---

[1] The subject order states that Father is to receive "extended weekends" of physical custody, without specifying how often those weekends are supposed to take place. Order, 1/22/15, at 1. However, a later provision in the order indicates that the physical custody schedule is intended to be biweekly, and that Mother will receive physical custody every other weekend when the custody schedule is "reversed" during the first six weeks of summer. *Id.* Thus, we can infer that Father was intended to receive custody every other weekend at all other times. This interpretation is consistent with the trial court's comments at the close of the custody trial. *See* N.T., 1/22/15, at 53 ("I think that what I will do is make an order that provides you with every other weekend . . . .").

[1.] Under PA [l]aw, can the [trial c]ourt issue a [c]ustody [o]rder without detailing the reason for its decision either on the record or in it's [*sic*] written opinion?

[2.] Under PA law, can the [trial c]ourt modify an existing custody [order] based on [g]ender?

[3.] Under PA law, can an 11[-]year[-]old minor child have the maturity and life experience [to] make decisions [i]n [her] best interest[]?

Father's brief at 5 (trial court answers omitted).

We address Father's claims mindful of our well-settled standard of review.

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*V.B. v. J.E.B.*, 55 A.3d 1193, 1197 (Pa. Super. 2012) (citations omitted).

"When a trial court orders a form of custody, the best interest of the child is paramount." *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014) (citation omitted). The factors to be considered by a court when awarding custody are set forth at 23 Pa.C.S.A. § 5328(a).

**(a) Factors.--**In ordering any form of custody, the court shall determine the best interest of the child by considering all

-3-

relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another.  A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

Instantly, Father's first issue is that the trial court erred by failing to consider the Section 5328(a) factors.  Father's brief at 12-15.  Father argues that the court's "opinion and subsequent ruling failed to address and detail all the enumerated factors, and thus the child's bests interests."  *Id.* at 14-15.  We agree.

It is well-settled that the Child Custody Act requires courts to consider each of the Section 5328(a) factors when "ordering any form of custody." 23 Pa.C.S.A. § 5328(a).  "Mere recitation of the statute and consideration of the § 5328(a) factors *en masse* is insufficient."  **S.W.D.**, 96 A.3d at 401 (citing **C.B. v. J.B.,** 65 A.3d 946, 950 (Pa. Super. 2013), *appeal denied*, 70 A.3d 808 (Pa. 2013)).  A court must "set forth its mandatory assessment of

the sixteen factors prior to the deadline by which a litigant must file a notice of appeal." **C.B.**, 65 A.3d at 955.

> In expressing the reasons for its decision, there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations. A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with [the Child Custody Act].

**A.V. v. S.T.**, 87 A.3d 818, 823 (Pa. Super. 2014) (citations and quotation marks omitted).

Here, it is clear that the trial court was required to consider the Section 5328(a) factors.[2]   While the court offered an explanation of its decision at the conclusion of the January 22, 2015 custody trial, the court did not directly address any of these factors, other than Child's preference to spend more time with Mother.  In addition, the court did not draft an opinion

---

[2] Mother argues, *inter alia*, that it was not necessary for the trial court to consider the Section 5328(a) factors, "because the trial court only modified a portion of the parties' custody arrangement."  Mother's brief at 5 (citing **M.O. v. J.T.R.**, 85 A.3d 1058 (Pa. Super. 2014)).  In **M.O.**, a panel of this Court held that a trial court was not required to consider the Section 5328(a) factors "[b]ecause the trial court did not make an award of custody, but merely modified a discrete custody-related issue . . . ."  85 A.3d at 1063.  In contrast, the trial court in the instant matter awarded primary physical custody to Mother, when the parties previously had been awarded shared physical custody.  Notably, consideration of the Section 5328(a) factors may be necessary even when a court denies a petition to modify.  **S.W.D.**, 96 A.3d at 406.  In such cases, the key question is whether the petition to modify requests a change to the underlying form of custody.  **Id.** ("Even if the trial court only reaffirmed its prior order, it nonetheless was ruling upon a request to change the form of physical custody and, therefore, bound to decide whether the prior order remained in [the c]hild's best interest.").

explaining its decision.[3]  Accordingly, we must vacate the court's order and remand this matter for the preparation of a new order and opinion.  Upon remand, the trial court is directed to hold further proceedings, if necessary, and to issue a new order and opinion within forty-five days of the date of this memorandum.[4]

Order vacated.  Case remanded for further proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2015

---

[3] The Honorable Maureen T. Beirne issued a "Statement in Lieu of 1925 Opinion," dated February 19, 2015, in which she explained that Judge Smith is now retired, and that the reasons for Judge Smith's ruling could be found in the transcript of the January 22, 2015 custody trial.

[4] In light of our conclusion that this case must be remanded for a new order and opinion, we do not address Father's remaining arguments.  Without a proper opinion considering each of the Section 5328(a) factors, we are unable to determine if the court abused its discretion by awarding Mother primary physical custody.